UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CIRILO ARTEAGA SALES,<br><br>    Petitioner,<br><br>  v.<br><br>NATHALIE ASHER et al.,<br><br>    Respondents. | CASE NO. C12-1690MJP<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on Respondent's objections to Magistrate Judge James P. Donahue's Report and Recommendation. (Dkt. No. 47.) Having reviewed the petition for habeas corpus (Dkt. No. 1), the Report and Recommendation (Dkt. No. 14), Respondents' objections to the Report and Recommendation (Dkt. No. 15), Petitioner's reply (Dkt. No. 16), and all related papers, the Court DISMISSES the habeas petition as moot.

**Background**

Petitioner filed his original petition for habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention. (Dkt. No. 1.) Petitioner was taken into custody by immigration officers and detained without bond on September 27, 2011.

1  (Dkt. No. 14 at 2.)  Petitioner unsuccessfully applied for a bond redetermination in October 2011

2  and April 2012.  (Id. at 2-3.)  Petitioner filed the instant habeas petition on October 2, 2012.

3  (Dkt. No. 1.)  On December 31, 2012, Petitioner's third request for a bond redetermination

4  hearing was granted and scheduled for mid-January.  (Dkt. No. 15, Ex. A.)  In the interim, on

5  January 3, 2013, Magistrate Judge Donohue issued a Report and Recommendation

6  recommending the Court grant Petitioner's writ of habeas corpus.  (Dkt. No. 14.)  At the bond

7  redetermination hearing held on January 14, 2013, the Immigration Judge ordered Petitioner

8  released upon payment of a $10,000 bond, and Petitioner was released later that day.  (Dkt. No.

9  15, Ex. B.)

10      In their objections to the Report and Recommendation, Respondents assert Petitioner's

11  release from custody renders the habeas petition moot.  (Dkt. No. 15 at 2.)  In reply, Petitioner

12  argues Respondents should be precluded from raising mootness when they failed to timely notify

13  this Court of facts likely to render this case moot.  (Dkt. No. 16 at 2.)

**Analysis**

15      To pursue a habeas claim, such as Petitioner's, a litigant must continue to have a personal

16  stake in the outcome of the suit throughout "all stages of federal judicial proceedings."  United

17  States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001).  A case becomes moot when "it no longer

18  present[s] a case or controversy under Article III, § 2 of the Constitution." Spencer v. Kemna,

19  523 U.S. 1, 7 (1998).  "[W]here the grounds for habeas relief will not redress collateral

20  consequences, a habeas petition does not continue to present a live controversy once the

21  petitioner is released from custody." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007).

22      Petitioner's release from custody has mooted his petition for habeas corpus.  (Dkt. No.

23  15, Ex. B.)  Petitioner argues Respondents' failure to notify the Court of facts likely to make this

matter moot precludes them from raising the issue of mootness. (Dkt. No. 16 at 2.) However, mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999). Further, none of the four well-established exceptions to the mootness doctrine apply to the present case. See In re Burrell, 415 F.3d 994, 998 (9th Cir. 2005) (listing the exceptions of "(1) collateral legal consequences; (2) wrongs capable of repetition yet evading review; (3) voluntary cessation; and (4) class actions where the named party ceases to represent the class"). Petitioner has only sought a bond hearing in his petition for habeas corpus. Petitioner's release from custody has mooted his petition for habeas corpus, because his release has secured him the relief he requested. (Dkt. No. 1.) The Court therefore dismisses Petitioner's habeas petition as moot.

## Conclusion

Because Petitioner has obtained the relief he seeks and is no longer in custody, the Court DISMISSES his habeas petition as moot. The clerk is ordered to provide copies of this order to Petitioner and all counsel.

Dated this 26th day of February, 2013.

Marsha J. Pechman
United States District Judge